[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12 2000
THOMAS K. KAHN
CLERK

_____

No. 97-2327

_____

D. C. Docket No. 95-00760-CIV-ORL-22

TALAT ENTERPRISES, INC.,
d.b.a Billy the Kid's Buffet,

Plaintiff-Appellant,

versus

AETNA CASUALTY AND SURETY COMPANY,
d.b.a. Aetna Life and Casualty,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 12, 2000)**

Before COX and  BLACK, and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from a decision of the district court in *Talat Enterprises, Inc.,*

*v. Aetna Cas. & Sur. Co.*, 952 F.Supp. 773 (M.D. Fla. 1996), which adequately sets

forth the facts and the issues. The case involved the proper amount of damages that defendant Aetna Casualty and Surety Company, a fire insurance company, should pay upon receiving notice of a bad-faith claim asserted under a Florida statute by plaintiff Talat Enterprises, Inc. for a fire at its restaurant. In an unpublished opinion, we certified the controlling issue of Florida law to the Florida Supreme Court. *Talat Enterprises, Inc. v. Aetna Cas. & Sur. Co.,* No. 97-2327 (11th Cir. June 23, 1998).

Magistrate Judge James G. Glazebrook, sitting as the district court by consent of the parties, had granted summary judgment to the defendant Aetna on the ground that when it paid all of the amounts that were owed under the terms of the insurance policy within 60 days of receiving a notice of a bad faith claim, it had corrected "the circumstances giving rise to the" bad faith claim, so that no action lay for bad-faith non-contractual damages. We certified the question as to whether, in addition to contractual damages, an insurance company had to pay "bad faith" damages in order to escape liability under the policy under § 624.155(2)(a)&(d), Fla. Stat.(1995)(as a condition precedent to suit, claimant must give sixty days written notice of the good faith violation to the insurer and the Department of Insurance. "No action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected.")

We certified the following question to the Supreme Court of Florida:

2

If an insured suffered extra-contractual damages prior to giving its insurer written notice of a bad faith violation and the insurer paid all contractual damages, but none of the extra-contractual damages, within sixty days after the written notice was filed, has the insurer paid "the damages" or corrected "the circumstances giving rise to the violation," as those terms are contemplated by Florida Statute § 624.155(2)(d), thereby precluding the insured's first-party bad faith action to recover the extra-contractual damages.

The Florida Supreme Court has now answered the certified question in the affirmative, concluding that the "statutory cause of action for extra-contractual damages simply never comes into existence until expiration of the sixty-day window without the payment of the damages owed under the contract." *Talat Enterprises, Inc., v. Aetna Cas. & Sur. Co.*, _ So. 2d _, 25 Fla. L. Weekly S172 (No. SC 93287) (Fla. Mar. 2, 2000). The court stated that the only remedy for Talat was the Florida statute and that there "is no remedy until notice is sent by the insured and the insurer has the opportunity to 'cure' the violation. If the insurer pays the damages during the cure period, then there is no remedy."

In an extensive opinion, the Court said: "We find United States Magistrate Judge Glazebrook's analysis of this issue to be correct." Thus, the summary judgment for Aetna, based on that analysis, is

AFFIRMED.